FRUGÉ, Judge ad hoc.
Plaintiff appeals from a District Court judgment rejecting his demands for specific performance of a contract of sale entered into between him and his father, the defendant, of date of April 8, 1939.
The contract to sell sets forth that the plaintiff agreed to purchase and the defendant agreed to sell 63 acres of land described therein; the contract shows that the plaintiff was to assume a mortgage of the Federal Land Bank which was outstanding on the property and in addition thereto was to pay $1,000 with the yearly payments extending from October, 1939 to October, 1946. And it was further provided by the contract that when these payments were completed, that the defendant would execute to the plaintiff a good and valid warranty title of property described in said contract.
Plaintiff’s allegation substantially sets forth this contract and further alleges that he had complied with all the terms and conditions of the contract and he prays for specific performance. He further prays in the alternative, that all his rights for damages suffered and for the improvements placed by him on said property be reserved.
Defendant filed pleas of prescription and of laches and estoppel, both of which were overruled by the trial court. Answer was filed which in effect amounted to a general denial and further answering he stated that plaintiff had not fulfilled his obligations under the terms and conditions of the contract and that said contract was terminated and cancelled voluntarily by mutual consent of both parties.
The cancellation by mutual consent referred to in the defendant’s answer is a cancellation of the original promise to sell wherein plaintiff transferred all of his rights, title and interest in said property to the defendant, his father. The same was placed of record. The circumstances under which this cancellation was executed are undisputed. According to the record about the year 1948, one Rev. ¡Ocie Crowe made an effort to purchase the property at issue. *10 As the matter of sale of tht disputed property to Rev. Crowe was under negotiation, the plaintiff signed the cancellation of the original contract for sale with the obvious purpose of clearing title, in anticipation that the sale to Crowe would go through. Rev. Crowe, having deposited $50 to the defendant to bind the sale, changed his mind upon the advice of his good wife, lost his $50 and the sale was never consummated. The recordation of this cancellation in the records was properly disposed of by the trial judge when he stated that while there was no fraud in the recordation of this cancellation, that certainly defendant should not have recorded same. At any rate the disposition of the case did not turn on that point.
The main issue in this case is one of fact. The trial judge decided that plaintiff had failed to furnish sufficient proof by a preponderance of evidence that he had ■complied with all the conditions of the sale. For that reason his demand for specific performance was rejected. Our careful appreciation of the evidence leads us to the conclusion that the findings of facts on that point by the trial judge are correct.
Plaintiff testified that he timely paid the $1,000 to his father and that he gave his father the money to pay installments due the Federal Land Bank. With the exception of one installment paid by plaintiff to the Federal Land Bank, the father paid all others. Plaintiff is contradicted by his father. The trial judge resolved the issue to the effect that plaintiff had failed to sustain his burden of proof. We cannot say the judge erred.
The trial court further correctly ruled that since plaintiff had failed to prove that he had conformed with his obligations to the contract that there can be no reservation of his rights for damages in violation ■of the contract on the part of defendant. However, he did reserve plaintiff his-rights ■to institute suit for reimbursement of the improvements placed upon the property .by him. We concur in such reservation.
Plaintiff after this case reached this court on appeal, prays alternatively that as a matter of equity and justice that we remand the case to the District Court in order to give appellant the opportunity to pay all sums due including interest, in court and upon his compliance therewith and that defendant be ordered to execute him a good and valid title to the property. He maintains that we have the right to do so under our supervisory jurisdiction. To sustain his position, he cites no authorities and we find none. Perhaps plaintiff can make tender and exact specific performance but it will be necessary that he file a new suit making tender and requesting specific performance in the court of original jurisdiction.
For the above and foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.